## AS TO NEGLIGENCE OF A DRIVER.

Circuit Court of Cuyahoga County.

THE CLEVELAND & SOUTHWESTERN TRACTION COMPANY v.
JAMES E. FAUVER.

Decided, April 29, 1908.

*Collision Between Street Car and Vehicle—Contributory Negligence.*

It is for the jury to say whether the driver of a vehicle in driving
along side of a street car track on a public street, was contribu-
torily negligent in driving too close to the track.

WINCH, J.; MARVIN, J., concurs; HENRY, J., dissents.

By the consideration of the common pleas court defendant in
error recovered a judgment against plaintiff in error in the sum
of $500 for personal injuries received in a rear end collision on
Lake avenue, in the city of Elyria, between the car of plaintiff
in error and the delivery wagon of defendant in error.

The accident happened about four o'clock on the afternoon
of May 16, 1906.

The car and wagon were both going in the same direction, the
wagon at about eight miles per hour and the car at from ten miles,
as testified by the motorman, to twenty-five miles, as testified
by other witnesses.

The petition alleges "that the defendant was negligent in
running and operating its said car at said high rate of speed
(twenty-five miles per hour) on said Lake avenue in said city of
Elyria, and in approaching said plaintiff without warning while
so running its said car at said high rate of speed."

The car tracks are on Lake avenue, about fifteen feet from
the easterly curb. Lake avenue extends in a nearly northerly
direction from the Lake Shore tracks about 2,000 feet to West
street, where it turns in an oblique angle to the northwest. Lodi
street comes in from the southwest at West street and joins with
Lake avenue at an angle even more oblique than that formed by
the two parts of Lake avenue, so that forks are formed at West

street.   The latter street crosses Lake avenue on a course due
east and west.   Evidently the two vehicles were approaching the
forks of the road at about the same time.

When Fauver was within seventy feet of the track, where it is
crossed by West street, he looked back to see if a car was coming.
He could see 200 feet along back to the track on Lake avenue and
saw no car.   He proceeded northwesterly along the easterly side
of Lake avenue, keeping in the beaten track, and when he had
gone from forty to 120 feet, just as he was turning around a
mud hole, the car came up from behind, without warning struck
the rear wheel of his wagon, upset it and threw him out, injur-
ing him, as the jury found, in the manner claimed in the petition.

It appears from the evidence of both parties that Lake avenue
was in a very bad condition, full of mudholes in and out among
which the traveled road wound, many places coming so close to
the track as to leave no room for a car to pass, if a vehicle was on
the traveled road.

This condition of the road was well known to the motorman
and was perfectly apparent to him at the time of the accident,
so that the jury might well have found, as it necessarily did, that
the motorman was negligent in running into the wagon without
warning, for according to his own testimony, he saw the wagon
for some time before he struck it, and at first thought it might
cross at West street, and slowed down to give it a chance to do so.

The serious legal proposition in the case is the question whether
the man on the wagon was guilty of contributory negligence in
not looking back just before he drove around the mud-hole,
which brought him too close to the track.   This question was
submitted to the jury under proper instructions.   Remembering
that Fauver had looked back not more than ten seconds before
he was struck (for that time is figured out from the distance he
traveled and the speed he was driving), a majority of the court
is not willing to say that the jury was clearly wrong in finding
Fauver guiltless of contributory negligence.

With the numerous mud-holes there were on this street, Fauver
could not have driven along it without looking back nearly every
second, if it was his duty to look back at each mud-hole.   In

other words, we conceive the situation on this road to be such that in driving along it the same rules are to be applied as if Fauver had driven onto the track itself at West street, having first looked back to see if a car was coming, and had kept on the track until struck, without looking back again during the time which elapsed in this case.

We are aware that the conclusion is not warranted by the opinion delivered by Judge Davis in the case of *Drown* v. *Northern Ohio Traction Co.*, 76 O. S., 234, but are not disposed to apply the reasoning of that opinion to the facts of this case.

Drown turned out in the night season around a temporary obstruction, a wagon standing at the curb, of which the motorman had no notice. In this case the motorman knew the condition of the road and saw Fauver's position and the whole situation. He should have expected Fauver to do just what he did do and we hesitate to say that Fauver, as a matter of law, was guilty of contributory negligence in failing to look back more than once.

We have examined all the errors alleged to have occurred at the trial but find none prejudicial to plaintiff in error. A majority of the court being of the opinion herein expressed, the judgment is affirmed.